# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **vs.** § | **NO. EP: 21-CR-01664-DCG** |
| § | |
| **VICTOR MANUEL ALATORRE, III** § | |

## MEMORANDUM AND VARIANCE FOR DOWNWARD DEPARTURE PURSUANT TO U.S.C.§ 3553(a)(1)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW VICTOR MANUEL ALATORRE III, hereinafter Defendant in the above and referenced cause, and hereby requests the Court consider a variance from the Federal Sentencing Guidelines.

### I.

18 U.S.C § 3553(A) FACTORS 1. Section 3553(a)(1) The nature and circumstances of the offense and the history and characteristics of the defendant Courts have varied under section 3553(a)(1) based on defendants' criminal history and various personal characteristics. In addition, defendants' health problems have been grounds for a variance as have family circumstances.

See, e.g., United States v. Almenas, 553 F.3d 27, 37 (1st Cir. 2009) (affirming downward variance based on defendant's combination of physical and mental disabilities); United States v. Myers, 503 F.3d 676, 687 (8th Cir. 2007) ("The district court did not abuse its discretion in finding that a shorter period of incarceration, with mental health treatment and supervised release, is the most effective sentence.").

### II

In this case, according to paragraph 51, The defendant reported that on May 2, 2020, he was hit by a vehicle in Carlsbad, New Mexico. Alatorre reported he suffered a fracture on his right foot and a fractured collarbone (left). Alatorre reported he still suffers from pain and discomfort on his legs, back, and arms. Alatorre reported he received six months of therapy. Alatorre reported he also suffers from memory loss due to the accident. For example, he does not remember where and when

he lived at certain times of his life. Additionally, according to paragraph 54 of the PSR, a psychiatric evaluation was conducted on November 17, 2021, and Alatorre was diagnosed with bipolar disorder; Post Traumatic Stress Disorder; and Cannabis Use Disorder Moderate. These physical and emotional disabilities have led to a disconnect as to his duties as a convicted felon to not possess a firearm. This firearm that was possessed by Mr. Alatorre has always been an instrument for self-defense. He believed he has the absolute right to possess a firearm under the 2nd Amendment to the United States constitution, as there was no attempt to hide the firearm at the checkpoint when encountered by Border Patrol.

The best interest of the United States, the citizenry, and Defendant will be served by sentencing Defendant to a lower sentence than that called by the PSR. Defendant is a good candidate to be rehabilitated and lead a productive and law-abiding life. Defendant would benefit from a probationary period were he can continue his education and improve his daily working skills. Defendant respectfully request that this Court exercise its discretion, recalculate the applicable guideline range given in the PSR, and sentence her below the advisory guideline range.

**Respectfully submitted,**

  **/S/ Ben L. Ivey III**
**BEN L. IVEY III**
**STATE BAR NO.: 24032462**
**1803 E Yandell**
**El Paso, Texas 79902**
**(915) 544-4839**
**(915) 544-1433 Fa**

### CERTIFICATE OF SERVICE

I hereby certify that July 18, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties.

Mr. Stanley Serwatka, Assistant U.S. Attorney, 700 E. San Antonio, Rm. 200, El Paso, Texas 79901

  **/S/ Ben L. Ivey III**
**BEN L. IVEY III**
Attorney for Victor Manuel Alatorre III